FRANK EVANS *vs.* WILLIAM R. MILLER and another.

### October 28, 1887

**Evidence—Burden of Proof—Contract for Services.**—In an action upon the *quantum meruit* for services, the defendant alleging in defence an *express* contract that the plaintiff's compensation, fixed by the contract, was to depend upon a specified contingent event, it is not incumbent upon the defendant to prove that the specified event had *not* happened.

Appeal by defendants from an order of the district court for Le Sueur county, *Edson,* J., presiding, refusing a new trial.

*J. B. Phelps,* for appellants.

*Jordan, Penney & Hammond* and *T. W. Hammond,* for respondent.

DICKINSON, J. This is an action to recover upon a *quantum meruit* the alleged value of the plaintiff's services in operating the defendants' mill. The defendants allege that the services were performed under an express contract that the plaintiff should receive $500 a year and one-third of the profits of the mill. There was evidence tending to support either theory as to the nature of the contract, and this was fairly a question for the jury.

The defendants requested an instruction, which was, in effect, that the verdict should be for the defendants if the jury found that there was a special contract as alleged by them. The court qualified this, by adding the further condition that the jury should also find that the plaintiff had received the $500 a year, (which had in fact been paid,) "and a share of the profits of the mill, or had them tendered to him." The natural effect of this qualification was to lead the jury to understand that even if they found the special contract to have been made as alleged, yet they should find for the defendants *only* in case they found also that a share of the profits had been paid or tendered to the plaintiff. This was erroneous. Not only was it not

incumbent upon the defendants to prove that there were no profits, but the evidence which they had offered to show that fact had been rejected by the court, and there was no evidence in the case upon that subject. If, by the terms of the contract, the right to compensation, in excess of what had been paid, depended upon profits accruing from the business, the plaintiff could not recover, in the absence of proof that there were profits, and the amount of the same. The case was not properly placed before the jury, and there must be a new trial.

Order reversed.